**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ARMAN KOHLI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-02304-JD |
| | ) | |
| FRED FIGUEROA, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Before the Court is Respondents' Response [Doc. No. 17] to the Court's Order to Show Cause [Doc. No. 12] following the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026).[1] While they reserve their appellate rights and note the petition for a writ of certiorari filed in the U.S. Supreme Court on the legal issue presented over the application of 8 U.S.C. § 1226(a) and § 1225(b)(2)(A), Respondents concede that *Santillan Quiroz* controls this Court's decision in this habeas action. [Doc. No. 17 at 1 & n.3].[2]

---

[1] The Court uses page numbering from the CM/ECF stamp at the top of the district court docket filing in this Order.

[2] The Court previously extended Respondents' deadline to file their response on counsel's representation that "Counsel for Respondents [was] working with counsel for ICE to obtain further documentation about this arrest and any criminal charge resulting from the arrest, which may directly impact the analysis of the Petition and the statutory basis for detaining Petitioner." [Doc. No. 15 ¶ 2]; [Doc. No. 16] (granting the extension). Respondents now report that they "ha[ve] not been able to obtain any documents to substantiate the facts of an arrest" and no criminal charges were filed, leading Respondents to conclude that no "sufficient basis exists to assert the application of 8 U.S.C. § 1226(c)(1)." [Doc. No. 17 at 1 n.2].

In accordance with the Tenth Circuit's decision in *Santillan Quiroz*, the Court grants in part Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226. The Court, however, declines to address Petitioner's remaining claims. *See Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445–46 (1988) ("A fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them. If no additional relief [beyond the statutory claim] would have been warranted, a constitutional decision would have been unnecessary and therefore inappropriate.").

The Court also declines to specify an allocation of the burden of proof, chiefly because no bond hearing has yet occurred, so any potential constitutional question is not ripe. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Moreover, 8 U.S.C. § 1226 does not speak on burden allocation, and the implementing regulations at 8 C.F.R. § 236.1(c)(8) place the burden of proof on Petitioner. The Court is not aware of any Tenth Circuit appellate authority mandating a burden allocation different from the regulation, nor does Petitioner point the Court to any such binding authority. *See* [Doc. No. 1 at 24–25] (requesting, without citation to statute or case law, that the Court place the burden of proof on Respondents).

Consequently, the Court GRANTS the Petition [Doc. No. 1] in part and ORDERS Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order or otherwise release Petitioner if Petitioner has not received a bond hearing within that period. The Court also DENIES Petitioner's Motion

for a Temporary Restraining Order [Doc. No. 8] as moot. A separate judgment will follow.

IT IS SO ORDERED this 30th day of September 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE